IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| $73,000.00 U.S. CURRENCY, | ) ) ) | 2:16-CV-00043-CRE |
| Plaintiff/Petitioner, | ) ) | |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

**Cynthia Reed Eddy, United States Magistrate Judge.**

Cordell R. Collins initiated this civil action in this Court against the United States ("the Government") petitioning for the return of $73,000 that the Drug Enforcement Agency ("DEA") seized from him on November 18, 2015. As explained in greater detail below, the DEA administratively forfeited the currency on March 18, 2016 because Collins did not file a claim with the DEA within the deadline set forth in the forfeiture notice that the DEA sent to Collins and his attorney. Pending before the Court is the Government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 20). The motion has been fully briefed by the parties. (ECF Nos. 21-23). For the reasons that follow, the Court will grant the motion and dismiss the action for lack of subject matter jurisdiction.[1]

---

[1] In accordance with 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have the undersigned conduct any and all proceedings in this matter, including entry of final judgment, with direct review to the Court of Appeals for the Third Circuit. (ECF Nos. 16, 25, 26). Moreover, given that dismissal is appropriate in this action under Rule 12(b)(1), the Court will not address the Government's argument under Rule 12(b)(6) for failure to state a claim.

"A district court ordinarily lacks jurisdiction to review the DEA's administrative forfeiture proceedings," except for determining whether the DEA "satisfied statutory and due process requirements." *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2002) (citations omitted). "If an individual fails to contest an administrative forfeiture, he loses all recourse for review of the administrative proceeding's merits." *Longenette v. Krusing,* 322 F.3d 758, 761 n. 4 (3d Cir. 2003). In this context, an argument that the seizure of the currency was unsupported by probable cause constitutes a challenge to the administrative proceeding's merits. *United States v. Simon,* 609 Fed. App'x 1002, 1005 (11th Cir. 2015); *Williams v. Drug Enforcement Admin.*, 2017 WL 132839, at *3 (D.N.J 2017). Additionally, and contrary to what Collins repeatedly argues in his brief, the fact that he was never charged or convicted of a crime with respect to this incident is irrelevant to this jurisdictional analysis. *See von Hofe v. United States*, 492 F.3d 175, 185 (2d Cir. 2007).

The salient facts giving rise to this dispute are as follows.[2] The DEA seized Collins' currency at the Pittsburgh International Airport on November 18, 2015 pursuant to 21 U.S.C. § 881 (relating to forfeiture of illegal drug proceeds). Thereafter, the DEA sent a written forfeiture notice to Collins and his attorney on December 9, 2015, in accord with the timeframe set forth in 18 U.S.C. § 983(a)(1)(A)(i). There is no dispute that both Collins and his attorney received said notice.

In the forfeiture notice, the DEA provided the following information and instructions:

---

[2] Because the Government's argument in support of its motion to dismiss presents a "factual" attack to the Court's subject matter jurisdiction, the Court may consider the documents and declaration attached to and relied on its motion. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2016) (a factual attack is an argument that there is no subject matter jurisdiction because the facts of the case do not support the asserted jurisdiction; courts may weigh and consider evidence outside the pleadings when presented with a factual attack). Collins concedes that the Court may consider such matters outside the pleadings. *See* (ECF No. 23 at 3) ("The United States properly stated the standard of review for Rule 12(b)(1) dismissal for lack of subject matter jurisdiction in its Memorandum in Support of the Motion to Dismiss.").

If you want to contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT, you must file a claim with the Forfeiture Counsel of the DEA by **January 13, 2016**.

\*\*\*

The Claim shall identify the specific property being claimed; state the Claimant's interest in such property; and be made under oath; subject to penalty of perjury.

\*\*\*

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, 8701 Morrissette Drive, Springfield, Virginia, 22152. A PETITION CLAIM, OR OTHER CORRESPONDENCE, WILL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT THE ADDRESS NOTED ABOVE.**

The January 13, 2016 deadline set forth in the forfeiture notice complied with 18 U.S.C. § 983(a)(2)(B), which requires that the deadline be at least 35 days from the date the forfeiture notice is mailed (here, December 9, 2015). In addition, the DEA posted notice of the seizure for 30 days on its website, in accord with 28 C.F.R. § 8.9(a).

Notwithstanding the plain language of this forfeiture notice, Collins filed the instant civil action in this Court, rather than with the DEA's Forfeiture Counsel, on January 11, 2016 (two days prior to the expiration of the deadline in the forfeiture notices). Filing a claim with this Court, however, has no bearing on whether the claim was properly filed with the DEA. *See* 28 C.F.R. § 8.2 (a claim "is *not* considered filed if it is received by any other officer or official, *such as a court*") (emphasis added); *Rivera-Bridigo v. Forfeiture Counsel*, 2014 WL 2769154, at \*1-2 (N.D. Ill. 2014) ("the term 'claim' referred to in Section 983(a)(2) referred to filing a claim with the appropriate federal agency, rather than initiating an action in federal court"). Therefore, Collins'

adamant (yet legally unsupported) contention that he "timely filed" his claim in this Court is unavailing.

Indeed, under the applicable regulation, and consistent with the language in the forfeiture notice, a claim "is not deemed filed until actually received by the appropriate official identified in the personal written notice." 28 C.F.R. § 8.2. Here, Collins, through his attorney, waited until January 13, 2016 to mail his claim to the DEA's Forfeiture Counsel, which was the final date to challenge the forfeiture. As such, he did not "file" his claim with the DEA until six days after expiration of the deadline, January 19, 2016 (the date the DEA actually received the claim). Consequently, the DEA administratively forfeited his currency pursuant to 19 U.S.C. § 1609 approximately two months later on March 18, 2016.[3] Had Collins timely filed his claim with the DEA, then under 18 U.S.C. § 983(a)(3), the Government would have been required to commence a judicial forfeiture action against the property within 90 days. But since Collins' claim was untimely, the Court's jurisdiction in this matter is strictly limited to determining whether the DEA "satisfied statutory and due process requirements." *McGlory*, 202 F.3d at 670.

In this regard, Collins does not challenge whether the DEA satisfied all of the relevant statutory and regulatory requirements in its forfeiture procedures. Indeed, as set forth above, it did. Collins does, however, assert that the DEA violated his due process rights. But his argument here does not actually challenge the DEA's forfeiture notice or other procedures at issue in this

---

[3]   The Court notes, by way of background, that before administratively forfeiting the currency, the DEA, on February 1, 2016, exercised its discretion and extended to Collins the opportunity to submit a petition for remission or mitigation of forfeiture ("petition for remission") on February 1, 2016, which Collins filed on March 2, 2016. Thereafter, the DEA denied Collins' petition for remission on September 2, 2016. Although it is unclear from Collins' pleading if he intended to challenge the DEA's denial of his petition for remission in this action, Collins subsequently conceded in this brief that the Court does not have subject matter jurisdiction on the issue. *See* (ECF No. 23 at 2 n. 1).

case, which, the Court notes, comported with due process requirements because they were "reasonably calculated . . . to apprise [Collins and his attorney] of the pendency of the action and afford them an opportunity to present their objections." *United States v. Bethea*, 317 Fed. App'x 182, 184 (3d Cir. 2009); *see also Mohammad v. United States*, 169 Fed. App'x 475, 482 (7th Cir. 2006) (examining a substantially similar forfeiture notice and concluding that the plaintiff "cannot seriously contend" that the notice was unclear). Instead, Collins' due process argument is premised on his belief that the DEA lacked probable cause when it seized his currency at the airport. Because Collins failed to timely file his claim with the DEA contesting the seizure of his currency, however, he has lost "all recourse for review of the administrative proceeding's merits," *Longenette,* 332 F.3d at 761 n. 4, which necessarily includes this probable cause argument. *Simon,* 609 Fed. App'x at 1005; *Williams*, 2017 WL 132839, at *3. Simply put, Collins cannot evade the jurisdictional barrier he faces in this case by framing his probable cause argument as a due process challenge.

Likewise, regardless of whether civil forfeiture is highly controversial, as Collins asserts, the Court cannot disregard the governing law. Therefore, because Collins did not timely file his claim with the DEA, the Court cannot entertain his various equitable arguments. For example, Collins emphasizes that by missing the filing deadline by only six days, the DEA did not suffer any prejudice from this "harmless error," especially when considering that it waited approximately two months to administratively forfeit the currency. Additionally, Collins notes that he has not been charged in connection with this incident, nor has he been convicted of a drug related offense for approximately twenty years.

Facts like these, although unfortunate, do not expand the Court's limited jurisdiction in this case. *See Starwood Mgmt., LLC v. United States,* 2012 WL 6596635, at *2-3 (D. Az. 2012)

(concluding that it "was divested of jurisdiction to review the forfeiture" when the plaintiff filed his claim in federal court the day before the deadline but did not file it with the DEA until five days after the deadline expired); *von Hofe*, 492 F.3d at 185 ("Neither conviction nor even the commencement of criminal proceedings is a necessary precondition to an *in rem* forfeiture," which "stands independent of, and wholly unaffected by, any criminal proceeding."). Accordingly, it would be inappropriate for the Court to entertain such equitable considerations in this case, since the unrefuted evidence demonstrates that Collins was provided with an adequate remedy at law to challenge the DEA's administrative forfeiture proceedings, but chose not to pursue them in a timely manner. *Horn v. U.S. Dep't of Justice Drug Enforcement Admin.*, 2007 WL 2740140, *3 (E.D. Pa. 2007); *Starwood,* 2012 WL 6596635, at *5. *See also Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (refusing to recognize an attorney's "run-of-the-mill mistake" of failing to timely file the claim with the DEA by mail shortly before the deadline expired "as grounds for equitable tolling because doing so 'would essentially equitably toll limitations periods for every person whose attorney missed a deadline'") (citation omitted).

For all of these reasons, the Court will grant the Government's motion to dismiss this case for lack of subject matter jurisdiction. The Court will not, however, dismiss the action "with prejudice," as the Government has requested, and instead will enter dismissal without prejudice in the Order that follows. *See Figueroa v. Buccaneer Hotel Inc.*, 515 (3d Cir. 1999) (a Rule 12(b)(1) "dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice'"); *New Jersey Physicians, Inc. v. President of the United States*, 653 F.3d 234, 241 n. 8 (3d Cir. 2011) ("dismissal for lack for subject matter jurisdiction [is] by definition without prejudice").

Dated:  <u>August 10, 2017.</u>

  By the Court:

<u>s/ Cynthia Reed Eddy     </u>
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered users of CM-ECF